JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ, MARIE GARCIA, AND MODESTO ALBERDE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSPORTATION MANAGEMENT LLC, R.R. DONNELLEY & SONS COMPANY doing business as R.R. DONNELLEY LOGISTICS, NICA, INC., 4 SAME DAY, AND DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 08-00819-MMM (AJWx)<br><br><br>ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

Carlos Martinez, Marie Garcia, and Modesto Alberde filed this action against Transportation Management LLC, R.R. Donnelley & Sons Company d/b/a R.R. Donnelley Logistics, 4 Same Day LLC, and certain fictitious defendants in Los Angeles Superior Court on January 7, 2008. On February 6, 2008, R.R. Donnelley removed the action to this court, citing 28 U.S.C. §§ 1331 and 1441(b).[1] Plaintiffs filed a first amended complaint on March 7, 2008,[2]

---

[1] See Defendant R.R. Donnelley's Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Federal Question); Declaration of Anne E. Jollay in Support Thereof ("Notice of Removal"), Docket No. 1 (Feb. 6, 2008). Defendants Transportation Management, LLC, 4 Same Day, LLC, and NICA, Inc. joined in the removal on February 8, 2008. (See Joinder in Notice of Removal

and a second amended complaint on April 2, 2008.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that they are or were employed as truck drivers by Transportation Management during some or all of the four-year period immediately preceding the filing of this action.[4] They contend that R.R. Donnelley, NICA, and 4 Same Day are joint employers with Transportation Management.[5] The complaint pleads seven causes of action, each governed by California state law: (1) mis-classification of employees as "independent contractors"; (2) failure to pay overtime wages; (3) failure to provide meal periods or compensation therefor; (4) failure to provide rest periods or compensation therefor; (5) failure to pay wages within thirty days of termination or resignation; (6) failure to reimburse employee expenses incurred in connection with job duties; and (7) unfair competition.[6]

On August 1, 2008, plaintiffs moved to certify a class of drivers employed by defendants

---

of Action filed by Defendants Transportation Management, LLC, 4 Same Day, LLC, Docket No. 5 (Feb. 8, 2008); Joinder in Notice of Removal of Action filed by Defendant NICA, Inc., Docket No. 6 (Feb. 8, 2008).) The removal was procedurally defective, as NICA, Transportation Management and 4 Same Day joined after the thirty day period prescribed by 28 U.S.C. § 1446(b) had passed. Plaintiffs, however, did not move to remand, thereby waiving the defect. See *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

[2]First Amended Complaint, Docket No. 14 (Mar. 7, 2008).

[3]The parties stipulated that plaintiffs could file a second amended complaint to obviate the need for a Rule 12(b)(6) motion. (See Stipulation to Permit Plaintiffs to File Second Amended Complaint and Extending Defendants' Time to Respond to Plaintiffs' First Amended Complaint to April 11, 2008, Docket No. 20 (Mar. 27, 2008); Order Extending Defendants' Time to Respond to Plaintiffs' Second Amended Complaint to April 11, 2008, Docket No. 21 (Apr. 1, 2008).)

[4]Second Amended Complaint ("Complaint"), Docket No. 22 (Apr. 2, 2008), ¶ 2.

[5]*Id.*, ¶¶ 4-7.

[6]*Id.*, ¶¶ 19-55.

in California but allegedly designated "independent contractors."[7]  In preparing for the hearing on the certification motion, which was scheduled for October 20, 2008, the court became aware that it potentially lacked subject matter jurisdiction to hear the action.  Consequently, it issued an order to show cause why the action should not be remanded to state court on October 6, 2008.[8]  R.R. Donnelley, Transportation Management, and 4 Same Day filed responses on October 14, 2008.[9]

## II.  DISCUSSION

### A.  Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062,

---

[7] See Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support of Motion for Class Certification, Docket No. 37 (Aug. 1, 2008).

[8] See Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("OSC"), Docket No. 62 (Oct. 6, 2008).

[9] See Defendant R.R. Donnelley's Response to the Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("R.R. Donnelley Response"), Docket No. 63 (Oct. 14, 2008); Defendants Transportation Management and 4 Same Day's Response to the Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("Transport. Mgmt. Response"), Docket No. 64 (Oct. 14, 2008).

1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Federal question jurisdiction is presumed to be absent unless defendants, as the parties seeking removal, show that plaintiffs have either alleged a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not

contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits"); *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*).

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms*, 346 F.3d at 1192 ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

### B. Whether the Court Has Subject Matter Jurisdiction

In its notice of removal, R.R. Donnelley asserted that the alleged misclassification of employees as independent contractors, which forms the basis for plaintiffs' first cause of action, resulted in a purported failure to "deduct proper 'federal, state and local income taxes' and to pay 'the Class Members' share of FICA, Medicare, and state and local employment taxes.'"[10] It contended that "[f]ederal question jurisdiction [arose] out of the fact that the First Cause of Action

---

[10] Notice of Removal, ¶ 3 (quoting original complaint). The first cause of action in the second amended complaint likewise alleges: "Defendants Transportation Management and 4 Same Day's pattern, practice and uniform administration of corporate policy regarding illegal employment classification as described herein is unlawful and creates an entitlement to recovery by the members of the Class, in a civil action, for reimbursement of all damages proximately resulting from such mis-classification and/or unlawful reductions in compensation and expense reimbursement, as well as the appropriate withholding of federal, state, and local income taxes based upon a flat withholding rate for supplemental wage payments in accordance with *Treas. Reg.* § 31.3402(g)-1(a)(2) as amended or supplemented, and any corresponding state or local law, and the Class Members' share of FICA, Medicare, and state and local employment taxes that was improperly not paid by Defendant as a result of the unlawful 'independent contractor' classification." (Complaint, ¶ 23.)

. . . alleges a violation of federal tax laws, including the Internal Revenue Code and Regulations and Federal Insurance Contribution Act."[11] In support of this assertion, R.R. Donnelley cited the principle that "[a] claim is removable on federal question grounds if it requires a substantial determination of the defendant's rights and obligations under federal law,"[12] and noted that, "[b]ecause Plaintiffs' Complaint require[d] resolution of a substantial, disputed federal question under the Internal Revenue Code and Regulations and Federal Insurance Contribution Act, the case [was] removable. . . ."[13]

In its order to show cause, the court stated its preliminary view that these allegations did not involve any "substantial, disputed federal question" that justified removal of the action to federal court. It observed that R.R. Donnelley relied primarily on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). There, the Supreme Court recognized that federal question jurisdiction may exist in the absence of a federal law creating a cause of action in certain *narrow*, *exceptional* circumstances – specifically, a limited number of cases in which an important national interest will be served by allowing federal jurisdiction.

In *Grable*, the Internal Revenue Service (IRS) had seized property from Grable & Sons Metal Products, Inc. to satisfy an unpaid tax delinquency. Although Grable was given notice of the seizure and of efforts to sell the property, it did not challenge either action. The IRS sold the property to Darue Engineering and Manufacturing. Five years later, Grable brought an action to quiet title in state court, claiming that Darue's title was invalid because of defects in the notice provisions of the Internal Revenue Code. Upholding federal jurisdiction, the Supreme Court first observed that "[w]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and *the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case*." *Grable*, 545 U.S. at 315 (emphasis added). Observing that "[t]he meaning of [a] federal tax provision is an

---

[11] Notice of Removal, ¶ 8.

[12] *Id.*, ¶ 9.

[13] *Id.*

important issue of federal law that sensibly belongs in a federal court," the Court noted that "[t]he Government has a strong interest in the 'prompt and certain collection of delinquent taxes,' *United States v. Rodgers*, 461 U.S. 677 (1983), and the ability of the IRS to satisfy its claims from the property of delinquents requires clear terms of notice to allow buyers like Darue to satisfy themselves that the Service has touched the bases necessary for good title. The Government thus has a direct interest in the availability of a federal forum to vindicate its own administrative action, and buyers (as well as tax delinquents) may find it valuable to come before judges used to federal tax matters." *Id.*

The Court cautioned that "it [would] be the rare state title case that raise[d] a contested matter of federal law, [so] federal jurisdiction to resolve [a] genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." *Id.* The Court emphasized that "the federal issue in a state-law claim must *actually be in dispute* to justify federal-question jurisdiction" since otherwise "every suit to establish title to land . . . would . . . arise [under federal law], as all titles [are] traceable back to those laws." *Id.* at 316 n. 3 (quoting *Shulthis v. McDougal*, 225 U.S. 561 (1912) (emphasis added)). The *Grable* Court concluded that, "[g]iven the absence of threatening structural consequences and the clear interest the Government, its buyers, and its delinquents have in the availability of a federal forum, there is no good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of the state-law title claim." *Id.* at 319-20.

The carefully circumscribed language that appears throughout the *Grable* opinion reflects an intention to limit the reach of the decision. The Court made clear its desire that parties *not* be permitted to invoke federal question jurisdiction in cases based on state law absent exceptional circumstances. Here, although the violations of state labor laws alleged could, if proved, give rise to federal tax liability, this alone does not convert plaintiffs' state labor law claims into a federal question. This is particularly true since the issue "actually in dispute" is not the withholding of income taxes, or the payment of FICA, Medicare and unemployment taxes. The issue "actually in dispute" is the state law question whether plaintiffs were employees or independent contractors. To adopt any different analysis would eviscerate the limited reach of the federal removal statute

7

and open federal courts to cases that only tangentially implicate federal issues.

As explained in the order to show cause, courts in this circuit have recognized the extremely limited nature of the *Grable* exception. See, e.g., *Armitage v. Deutsche Bank AG*, C-05-3998-PJH, 2005 WL 3095909, *4 (N.D. Cal. Nov. 14, 2005) (finding *Grable* inapposite and remanding where, *inter alia*, "interpretation of the tax issues in question is not a *necessary* part of the proceedings"); see also *Baker v. BDO Seidman, L.L.P.*, 390 F.Supp.2d 919, 921 (N.D. Cal. 2005) (finding *Grable* inapposite and remanding where plaintiffs advanced two alternate and independent theories of liability, one of which allowed for resolution of plaintiffs' claims on state law grounds without the need to interpret federal law); *In re Circular Thermostat*, MDL C-05-01673-WHA, 2005 WL 2043022, *5 (N.D. Cal. Aug. 24, 2005) ("The proper inquiry, then, is whether 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.' The key word is 'necessary.' To be sure, trademark validity and defendant's alleged fraud upon the PTO will no doubt be a large part of the proceedings in these actions, but this order finds that a federal question is not a *necessary* element of plaintiffs' state claims. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' In other words, just because an element that is essential to a particular *theory* might be governed by federal trademark law does not mean that the entire monopolization *claim* 'arises under' federal law" (citations omitted)).

In its response to the order to show cause, R.R. Donnelley argues that "[t]he cause of action that forms the basis for federal jurisdiction is the First Cause of Action, wherein Plaintiffs allege that Defendants misclassified Plaintiffs and other members of the putative class as independent contractors under both state *and federal* law . . . ."[14] The complaint's first cause of action, however, alleges misclassification under California state law *only*.[15]

---

[14]R.R. Donnelley Response at 2 (emphasis added).

[15]Complaint, ¶¶ 19-23.

8

R.R. Donnelley nonetheless contends that the court has subject matter jurisdiction because the test for independent contractor status under California law differs from that under the federal tax laws.[16] R.R. Donnelley references 26 U.S.C. § 3121(d)(3) as authority supporting this claim; that statute simply provides, however, an *additional*, alternate federal definition of the term "employee." 26 U.S.C. § 3121(d) ("For purposes of this chapter, the term 'employee' means . . . (2) any individual who, *under the usual common law rules applicable in determining the employer-employee relationship*, has the status of an employee; *or* (3) any individual (*other than an individual who is an employee under paragraph (1) or (2))* who performs services for remuneration for any person. . . ." (emphases added)). As R.R. Donnelley itself observes, California courts employ a common law analysis in determining whether an individual is an employee or an independent contractor.[17] See, e.g., *Germann v. Workers' Comp. Appeals Bd.*, 123 Cal.App.3d 776, 783-84 (1981) (providing an overview of factors to be considered in assessing whether parties have an employer-employee or independent contractor relationship, and the weight to be given to certain factors). Where, as here, plaintiffs sue under the common law test, the additional federal test enumerated in 26 U.S.C. § 3121(d)(3) does not come into play.

The mere presence of a federal issue in a state law claim does not convert that claim into one "arising under" federal law, moreover. State courts are routinely called upon to adjudicate state law claims that implicate federal issues.[18] Under *Grable*, subject matter jurisdiction in

---

[16] R.R. Donnelley Response at 5-7; see also *id.* at 8 (asserting that the first cause of action "is not ple[d] as an alternative theory of liability or damages," but is rather "a **separate** theory of potentially significant liability requiring separate analysis of Plaintiffs' independent contractor status under federal tax law"(emphasis original)).

[17] *Id.* at 5-6.

[18] Defendants Transportation Management and 4 Same Day rely on *Chandler v. Perini Power Constructors, Inc.*, 520 F.Supp. 1152 (D.N.H. 1981) in support of their claim that federal district courts have subject matter jurisdiction over cases involving allegedly improper tax withholdings from employee wages. (Transport. Mgmt. Response at 3.) In *Chandler*, the district court upheld removal of a conversion action in which an employee alleged that his employer had wrongfully withheld funds from his paycheck *under the direction of IRS authorities*, on the basis that it asserted a claim "arising under the laws of the United States." *Id.* at 1153. Since the claim

federal court lies only in a narrow category of state law cases in which there is a *substantial* federal issue that is *actually in dispute*. These prerequisites for jurisdiction are not present here. The complaint does not mention (much less dispute) the validity or construction of the alternate federal test for determining whether one is an employee or independent contractor for tax purposes. Given the fact that the test is supplemental to the common law test employed in California, the issue will not likely come into play, or will be at best tangential to the state law claims plaintiffs assert. R.R. Donnelley's assertion that the issue is "in dispute" or "is the critical and central issue in this case" does not change this fact.[19]

R.R. Donnelley also asserts that "there is an additional defense to liability under federal tax laws for independent contractor misclassification that . . . requires substantial analysis under federal law."[20] Federal question jurisdiction cannot be premised on the assertion of a federal defense, however. As noted, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *Mottley*, 211 U.S. at 152. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); see also *Metropolitan Life Insurance Co.*, 481 U.S. at 63. Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

In sum, given the Supreme Court's careful limitation of *Grable* and the manner in which it has been applied in this circuit, the court concludes that *Grable* provides no basis for the exercise of federal question jurisdiction in this case. Defendants have failed to adduce any

---

squarely implicated a disputed interpretation of the federal tax statute – unlike the claims here – the district court properly concluded that it had subject matter jurisdiction to hear the action.

[19]R.R. Donnelley Response at 8.

[20]*Id.* at 8. Specifically, R.R. Donnelley asserts that, "unlike under California state law, the IRS affords employers a 'safe harbor' protection from liability under tax laws even if the worker is ultimately found to be an employee . . . ." (*Id.* at 7.)

colorable arguments to the contrary, and the mere possibility that plaintiffs' state law claims may result in the imposition of additional federal tax liability on defendants does not suffice to invoke the court's federal question jurisdiction.

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks subject matter jurisdiction over the instant action. Accordingly, the action is hereby remanded to Los Angeles Superior Court.

DATED: November 17, 2008

_Margaret M. Morrow_
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE